J. S15037/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL A. CATAGENA, | : | No. 2169 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 6, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0815961-1992

BEFORE:  STABILE, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 27, 2018**

Michael A. Catagena[1] appeals ***pro se*** from the June 6, 2017 order[2]

dismissing his untimely serial petition filed pursuant to the Post Conviction

Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we

affirm.

The PCRA court summarized the relevant facts and procedural history

of this case as follows:

> [Appellant], along with four confederates,
> robbed Sixto Negron and fatally shot Jose Orozco in
> 1992.  On April 29, 1994, following a jury trial
> presided over by the Honorable Paul A. Ribner,

---

[1] Appellant's last name is also spelled "Cartagena" in his appellate brief.

[2] We note that appellant mistakenly indicated in his June 23, 2017 ***pro se*** notice of appeal that his appeal was from an order entered on December 20, 2016; the appeal properly lies from the June 6, 2017 order dismissing his PCRA petition.

> [appellant] was convicted of second-degree murder, robbery, conspiracy, and possession of an instrument of crime. On January 19, 1995, the trial court sentenced [appellant] to life imprisonment for the murder conviction. No appeal was taken.
>
> [Appellant] filed his first PCRA petition on July 9, 2002. Counsel, [J. Scott O'Keefe, Esq.,] was appointed who subsequently filed a **Turner**/**Finley** "no-merit" letter.[Footnote 2] The PCRA court subsequently dismissed the petition as untimely on April 3, 2003. [Appellant] did not appeal the dismissal.
>
> > [Footnote 2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).
>
> [Appellant] was subsequently unsuccessful in pursuing collateral relief through serial petitions filed in 2005 and 2012.

PCRA court opinion, 8/15/17 at 1-2.

Appellant filed the instant PCRA petition, his fourth, on December 31, 2015. On February 28, 2017, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a **pro se** response to the PCRA court's Rule 907 notice on March 21, 2017. Thereafter, on June 6, 2017, the PCRA court dismissed appellant's petition as untimely. Appellant filed a **pro se** notice of appeal on June 23, 2017. The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On August 15, 2017, the PCRA court filed an opinion in support of its June 6, 2017 order.

Appellant raises the following issues for our review:

I.    Whether appellant[']s instant PCRA petition predicated upon the "Newly-Discovered Facts" contained in Darwin and Sandra Negron's sworn affidavits[] is timely filed under the purview of 42 Pa.C.S.[A.] § 9545(b)(1)(ii), as the facts contained in these affidavits constitute "Newly-Discovered Facts," and not a previously known source of facts, as the PCRA court claims?[]

II.   Whether the PCRA court erred in dismissing the instant PCRA petition without a hearing?

Appellant's brief at 2 (unnecessary capitalization omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). Lastly, we note that, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the

appellant[.]" ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014).

Here, it is undisputed that appellant's instant petition is patently untimely. As noted, appellant was sentenced to an aggregate term of life imprisonment on January 19, 1995, and did not file a direct appeal. Thus, appellant's judgment of sentence became final on February 21, 1995,[3] 30 days after the time for filing a direct appeal with this court expired. ***See***

---

[3] We note that the 30-day deadline was Tuesday, February 21, 1995, as February 18 and 19, 1995, fell over the weekend and the court was closed on Monday, February 20, 1995, for President's Day. ***See*** 1 Pa.C.S.A. § 1908.

42 Pa.C.S.A. § 9545(b)(3). Thus, in order to comply with the filing requirements of the PCRA, appellant was required to file his petition by February 21, 1996. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant's instant petition, filed December 31, 2015, is more than 19 years past the deadline. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in Section § 9545(b)(1).

The three narrow exceptions to the one-year time bar are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii); **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of one of these exceptions. **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (citations omitted). "In addition, a petition invoking any of the timeliness exceptions must be filed

within 60 days of the date the claim first could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Instantly, appellant invokes the "newly-discovered-facts" exception to the PCRA time-bar in the form of the November 24, 2015 affidavit from Darwin Negron ("Darwin"), a purported eyewitness who claimed that appellant did not resemble any of the five men he observed running outside his window the evening of the crime. (**Pro se** PCRA petition, 12/31/15 at Exhibit C.) Darwin is the son of Sixto Negron, one of the victims robbed at gunpoint by appellant and his cohorts. Appellant also attached to his petition a December 8, 2015 affidavit from Sandra Negron ("Sandra), Darwin's mother, who echoes Darwin's statement and explains that she encouraged Darwin to go to the authorities with this information. (**Id.** at Exhibit B.) Appellant contends that these "newly-discovered facts," which were previously unknown to him until late 2015, are exculpatory in nature and warrant that a new trial be granted. (Appellant's brief at 8-10.) We disagree.

As noted, in order to prevail on a "newly-discovered facts" claim, appellant is required to demonstrate "that the facts upon which the claim was predicated were unknown and could not have been ascertained by the exercise of due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis and numeration omitted), citing 42 Pa.C.S.A. § 9545(b)(1)(ii). Here, our review of the record reveals that appellant has

failed to prove that neither Darwin nor his mother, Sandra, were unknown to him and undiscoverable through the exercise of due diligence. Both Darwin and Sandra are immediate family members of one of the robbery victims in this case, Sixto Negron. Moreover, both of Darwin's parents were identified in discovery materials during appellant's April 1994 jury trial as witnesses and neighbors of the murder-victim, Jose Orozco, and were actively involved in appellant's case. Sandra gave a statement to the police in March 1992 after witnessing the perpetrators flee the scene of the crime, and victim Sixto Negron testified during appellant's preliminary hearing. (**See** investigation interview, 3/13/92, appellant's brief at Exhibit E; notes of testimony, 8/6/92 at 7-15.) Under Section 9545(b)(1)(ii), "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires **reasonable efforts by a petitioner**, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Brown**, 141 A.3d 491, 506 (Pa.Super. 2016) (citation omitted; emphasis added). Clearly, appellant failed to undertake reasonable efforts in this instance. Based on the foregoing, we find that appellant has failed to demonstrate that his untimely petition satisfies the newly-discovered-facts exception to the statutory one-year time-bar.

Appellant next argues, albeit parenthetically, that our decision in **Commonwealth v. Burton**, 121 A.3d 1063 (Pa.Super. 2015) (**en banc**), **affirmed**, 158 A.3d 618 (Pa. 2017), permits him to circumvent the PCRA

time-bar. (Appellant's brief at 12-13.) We find that appellant's reliance on **Burton** is misplaced.

In **Burton**, we explained that while the general rule is "that publicly available information cannot predicate a timeliness exception, beyond the 60–day grace period[,]" **id.** at 1071, "a **pro se** petitioner does not have access to information otherwise readily available to the public." **Id.** at 1072. Thus, the presumption that a PCRA petitioner has access to public records does not apply to a **pro se** petitioner. **Id.** Appellant fails to explain in his brief how the **Burton** holding impacted his burden to prove the aforementioned witnesses were previously undiscoverable. Here, appellant alleges that he discovered Darwin not through public records, but rather when he personally met him in prison in November 2015.

Lastly, appellant baldly contends that the PCRA court erred in dismissing his PCRA petition without conducting an evidentiary hearing. (Appellant's brief at 27-29.) We disagree.

This court has long recognized that there is no absolute right to an evidentiary hearing. **Commonwealth v. Hart**, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine

each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa.Super. 2004).

As discussed, the PCRA court properly found that appellant failed to satisfy any of the statutory exceptions to the time-bar set forth in Section 9545(b)(1). Accordingly, we conclude that the PCRA court lacked jurisdiction to consider the merits of appellant's claim and discern no error on the part of the PCRA court in dismissing appellant's untimely petition without conducting an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/18